**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Anthony Powell, | ) | **CASE NO. 1:09 CV 2451** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bolton Square Hotel Company, Inc., | ) | **Memorandum of Opinion and Order** |
| d/b/a The Clinic Inn d/b/a | ) | |
| Intercontinental Hotel, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**INTRODUCTION**

This matter is before the Court upon defendant Cleveland CCF Hotel Services, Inc.'s

Motion for Judgment on the Pleadings (Doc. 21).  This is a wrongful termination suit.  For the

reasons set forth below, defendant's motion is DENIED.

**FACTS**

Plaintiff, Anthony Powell, brings this action against defendants, Bolton Square Hotel

Company, Inc. d/b/a The Clinic Inn d/b/a Intercontinental Hotel; Intercontinental Hotels Group,

PLC; CCF Hotel Services, Inc., d/b/a Bolton Square Hotel Company d/b/a The Clinic Inn d/b/a

1

Intercontinental Hotel; Intercontinental Hotels Group Resources, Inc.; and Inter-Continental Hotels Corporation.  Plaintiff was employed by The Clinic Inn for a number of years.  He alleges he suffered an injury at work that required absence from work for periodic medical treatment. Plaintiff's employment was ultimately terminated on October 29, 2007, after three written warnings, two of which were for excessive absences.  He alleges that defendants failed to notify him of his rights under the Family and Medical Leave Act (FMLA).

Plaintiff originally filed this action on October 20, 2009, against Bolton Square Hotel Company, Inc. d/b/a The Clinic Inn d/b/a Intercontinental Hotel and against Intercontinental Hotels Group PLC.  On November 20, 2009, plaintiff amended the complaint, adding defendants CCF Hotel Services, Inc., d/b/a Bolton Square Hotel Company d/b/a The Clinic Inn d/b/a Intercontinental Hotel; Intercontinental Hotels Group Resources, Inc.; and Inter-Continental Hotels Corporation.  The complaint contains one claim for relief for interfering with plaintiff's rights under the FMLA.

Defendant CCF Hotel Services, Inc. (hereinafter "CCF") now moves for judgment on the pleadings, arguing that plaintiff's complaint against CCF is time-barred by the two-year statute of limitations for FMLA actions.  Plaintiff opposes the motion, arguing that the amendment adding CCF as a defendant relates back to the original complaint.

**STANDARD OF REVIEW**

The standard of review for a motion for judgment on the pleadings under Rule 12(c) is the same as for a motion to dismiss for failure to state a claim under 12(b)(6).  *Tucker v. Middleburg-Legacy Place, LLC,* 539 F.3d 545, 549-50 (6th Cir. 2008).  "Dismissal is appropriate when a plaintiff fails to state a claim upon which relief can be granted.  Fed. R. Civ.

2

P. 12(b)(6).  We assume the factual allegations in the complaint are true and construe the complaint in the light most favorable to the plaintiff." *Comtide Holdings, LLC v. Booth Creek Management Corp.,* 2009 WL 1884445, at *1 (6th Cir. July 2, 2009) (citing *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008)).  In construing the complaint in the light most favorable to the non-moving party, "the court does not accept the bare assertion of legal conclusions as enough, nor does it accept as true unwarranted factual inferences." *Gritton v. Disponett,* 2009 WL 1505256, at *3 (6th Cir. May 27, 2009) (citing *In re Sofamor Danek Group, Inc*., 123 F.3d 394, 400 (6th Cir. 1997)).  "To survive a Rule 12(b)(6) motion, the nonmoving party must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level." *ABS Industries, Inc. ex rel. ABS Litigation Trust v. Fifth Third Bank,* 2009 WL 1811915, at *3 (6th Cir. June 25, 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007))).

## **ANALYSIS**

A party may amend its pleading once as a matter of course within 21 days of serving it. Fed. R. Civ. P. 15(a).  Rule 15(c) governs when an amendment will relate back to the original pleading:

> (1) An amendment to a pleading relates back to the date of the original pleading when:
>  (A)  the law that provides the applicable statute of limitations allows relation back;
>  (B)  the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out– or attempted to be set out– in the original pleading; or

3

(C)      the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:

        (i)      received such notice of the action that it will not be prejudiced in defending on the merits; and

        (ii)      knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Rule 4(m) provides a period of 120 days for serving the summons and complaint.

Defendant CCF argues that the statute of limitations for plaintiff's FMLA action expired on October 29, 2009.[1]  CCF argues that plaintiff's amended complaint named CCF as a new party, and that plaintiff did not file the amended complaint until November 20, 2009, and thus plaintiff failed to sue CCF within the applicable statute of limitations.  CCF further argues that the amended complaint does not relate back to the original complaint because plaintiff did not change or substitute a party, but instead added "a completely new party."  CCF also argues that even if a new party could be added after the statute of limitations runs, plaintiff cannot establish that CCF received such notice that it will not prejudiced in maintaining its defense or that CCF must or should have known that, but for a mistake concerning identity, the action would have been brought against it.  In support, CCF cites *Simmons v. South Central Skyworker's, Inc.,* 936 F.2d 268, 270 (6th Cir. 1991) (citing *Schiavone v. Fortune,* 477 U.S. 21, 29 (1986)).  CCF argues that it had no notice within the statute of limitations period, that it is a separate and distinct entity

---

[1]      A plaintiff generally has two years from the time of the violation to bring a claim under the FMLA.  29 U.S.C. § 2617(c).

4

from Bolton Square Hotel Company, Inc. and Intercontinental Hotels Group PLC, and that CCF was unaware of plaintiff's employment.  Thus, CCF argues, it could not have known that, but for a mistake concerning identity, the action would have been brought against it.  Further, CCF argues that plaintiff cannot show a "mistake in identity" because plaintiff did not change the identity of defendants, he added a *new* defendant, which indicates no mistake was made other than omitting a defendant.

Plaintiff responds that CCF fails to point out that the originally named defendant, Bolton Square Hotel Company, Inc., changed its name to CCF Hotel Services, Inc, the defendant bringing the instant motion.  In support, plaintiff attaches documents filed with the Ohio Secretary of State.[2]  Plaintiff argues that at the time the original complaint was filed, plaintiff's counsel was unaware that the current name of Bolton Square Hotel Company, Inc. was CCF Hotel Services, Inc.  Once counsel learned the current name, counsel filed the amended complaint naming CCF as a defendant.  Thus, plaintiff argues, CCF is not a new party, but simply the current name of an existing defendant.  Plaintiff further argues that CCF received notice of the original complaint such that it will not be prejudiced in defending on the merits because plaintiff had extensive discussions with CCF's co-defendant prior to filing the suit. CCF, plaintiff argues, had at least constructive notice of those discussions as the co-defendants are joint employers.  Plaintiff also argues that CCF knew or should have known that the action would have been brought against it but for a mistake concerning its current corporate name, because CCF and Bolton Square Hotel Company, Inc. are the same entity and have the same

---

[2]        In deciding a motion to dismiss for failure to state a claim, the Court may take judicial notice of the public record.  *Yanacos v. Lake County,* 953 F. Supp. 187, 191 (N.D. Ohio 1996).

5

address.  Moreover, plaintiff asserts that the original complaint was served at that address.

CCF replies that Bolton Square Hotel Co., Inc. is not the prior name of CCF, and asserts "CCF's prior name was Bolton Square Hotel Company– sans Inc."  CCF points out that Bolton Square Hotel Inc. is an unrelated defunct Cuyahoga County business.  In support, CCF attaches documents filed with the Ohio Secretary of State.  Thus, CCF argues, plaintiff added CCF as a new party more than two years after the cause of action accrued.  CCF further argues that plaintiff did not substitute CCF for Bolton Square Hotel Company, Inc. because Bolton Square Hotel Company, Inc. is still a defendant in this case.

Upon review, the Court finds that the amended complaint was timely filed against CCF, as the amendment relates back to the date of the original complaint.  The parties do not appear to dispute that the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out in the original complaint, and the Court finds that Rule 15(c)(1)(B) is satisfied.  The parties dispute whether CCF received notice of the action as required by the rule and whether CCF knew or should have known that the action would have been brought against it but for a mistake in identity.

### A.    Mistake

Plaintiff filed the original complaint against Bolton Square Hotel Company, Inc. d/b/a The Clinic Inn d/b/a Intercontinental Hotel, located at 2065 East 96th St., Cleveland, Ohio 44106.  Plaintiff's counsel then discovered that the current name of the company doing business as The Clinic Inn was CCF Hotel Services, Inc., located at the very same address.  Plaintiff intended to sue the entity doing business as The Clinic Inn, located at that address.  The documents attached to the briefs by both plaintiff and CCF show that CCF was previously named

6

Bolton Square Hotel Company.  Plaintiff merely made a mistake in the identity of the proper party when he named his previous employer as Bolton Square Hotel Company, Inc. instead of CCF. Thus, this is a case of mistake or misnomer, and not a case of the plaintiff choosing to sue the wrong party.

CCF argues vehemently that the addition of "Inc." to Bolton Square Hotel Company shows that plaintiff did not make a mistake in identity, because CCF was never named Bolton Square Hotel Company, Inc.  As the entity plaintiff intended to sue was made plain on the face of the original complaint through a description of how the entity did business, its address, and its previous corporate name– despite the erroneous addition of "Inc."– the Court finds this argument to be without merit.  "The misidentification of similarly named or related companies is the classic case for application of Rule 15(c) relation back."  *William H. McGee & Co. v. M/V Ming Plenty,* 164 F.R.D. 601, 606 (S.D.N.Y. 1995).  Further, although adding a defendant's new corporate name without dropping the defendant's previous corporate name is perhaps not the cleanest way of amending a complaint, the Court does not agree that such a tactic shows absence of mistake.

### B.  Notice

The Court also finds that CCF received notice within the requirements of Rule 15(c).  As an initial matter, CCF misstates the law relating to notice.  The Rule requires that CCF receive notice within the time period provided by Rule 4(m), which is 120 days from the date of the original complaint and summons.  *See Black-Hosang v. Ohio Dept. of Public Safety,* 96 Fed. Appx. 372, 374-375 (6th Cir. 2004).  The original complaint was filed on October 20, 2009.  The record reflects that CCF's counsel executed a waiver of service that was returned on December

7

21, 2009, which is well within the 120-day limit prescribed by Rule 4(m) and Rule 15(c)(1)(C).

CCF, however, argues that it was not served within the statute of limitations, and cites to

*Simmons v. South Central Skyworker's, Inc.,* 936 F.2d 268, 270 (6th Cir. 1991) (citing *Schiavone*

*v. Fortune,* 477 U.S. 21, 29 (1986)) in support.  Rule 15(c) was amended in 1991 specifically to

avoid the result in *Schiavone*:

> This paragraph has been revised to change the result in *Schiavone v. Fortune, supra,* with respect to the problem of a misnamed defendant. An intended defendant who is notified of an action within the period allowed by Rule 4(m) for service of a summons and complaint may not under the revised rule defeat the action on account of a defect in the pleading with respect to the defendant's name, provided that the requirements of clauses (A) and (B) have been met. If the notice requirement is met within the Rule 4(m) period, a complaint may be amended at any time to correct a formal defect such as a misnomer or misidentification. On the basis of the text of the former rule, the Court reached a result in *Schiavone v. Fortune* that was inconsistent with the liberal pleading practices secured by Rule 8.

Fed. R. Civ. P. 15 advisory committee's note.  *Simmons* and *Schiavone* have been effectively

overruled for 19 years on this issue, and CCF's argument is not well-taken.

The Court finds that CCF knew or should have known that the action would have been

brought against it but for a mistake concerning its property identity.  CCF has moved for

judgment on the pleadings by arguing lack of mistake.  The Sixth Circuit has found similar

action by a defendant to constitute a showing of the required knowledge.  *Black-Hosang,* 96 Fed.

Appx. at 377 (finding defendant knew or should have known the action would have been brought

against him but for a mistake concerning identity where defendant had notice within the 120-day

period and filed motion to dismiss complaint raising arguments relating to "mistake").

Moreover, CCF was notified of the original complaint at the very latest when it waived service

on the amended complaint, and the original complaint names a defendant with a name almost identical to CCF's former name, with CCF's address, doing business as The Clinic Inn.

CCF does not present any legal arguments relating to prejudice.  The Court finds that under these circumstances, where CCF waived service and timely filed an answer, it will not be prejudiced in defending on the merits.  Accordingly, CCF's motion for judgment on the pleadings is denied.

**CONCLUSION**

For the foregoing reasons, Cleveland CCF Hotel Services, Inc.'s Motion for Judgment on the Pleadings is DENIED.

IT IS SO ORDERED.


  /s/ Patricia A. Gaughan
PATRICIA A. GAUGHAN
United States District Judge


Dated: 5/10/10

9